UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jesny Ann Joseph
1458 Brians Way
Rochester Hills, MI 48307

Vinod Mathew
1458 Brians Way
Rochester Hills, MI 48307

Plaintiffs,

vs.

Michael Chertoff, Secretary
U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

U.S. Department of Homeland Security
Office of the General Counsel
Washington, DC 20528,

Emilio T. Gonzalez, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
425 Eye St. NW
Washington, DC 20536,

U.S. Citizenship and Immigration Services
425 Eye St. NW
Washington, DC 20536,

Robert M. Cowan, Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
P.O. Box: 648003
Lee's Summit, MO 64064

Sandy Heathman
Acting District Director
Detroit District Office
333 Mount Elliott
Detroit, MI 48207

WRIT FOR MANDAMUS,
DECLARATORY AND INJUNCTIVE
RELIEF

Civil Action: 07-
Judge:
Filed:

Robert Mueller, Director
Federal Bureau of Investigation
Office of the General Counsel
Room 7427
935 Pennsylvania Avenue, NW
Washington, DC 20535,

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

United States of America
U.S. Attorney
555 Fourth Street, NW
Washington, DC 20530
Defendants.

## COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs present instant Complaint before this honorable court requesting relief against Defendants for their actions and for their failure to act in accordance with law.

### I. INTRODUCTION

1. This is a complaint for relief pursuant to law including the U.S. Constitution, Mandamus Act (28 U.S.C. § 1361 (2006)), Declaratory Judgment Act (28 U.S.C. § 2201 (2006)), and the Administrative Procedure Act (5 U.S.C. § 551 et seq. (2006)). This action challenges the unreasonable delays in processing the Plaintiffs' Family-Based Form I-130, Immigrant Petition for Alien Relative (IP) and Form I-485, Adjustment of Status (AOS) application pending before the National Benefit Center and the Detroit District Office of the United States Citizenship and Immigration Services (USCIS). This action further challenges

the USCIS policy of requiring repeated applications for issuance of Employment Authorization and Advance Parole and for repeated fingerprints during the pendency of the AOS application.

2. Defendants' action and inaction have directly and proximately injured and continue to directly and proximately injure the Plaintiffs.

3. A more detailed, but in no way exhaustive, enumeration of the harm suffered by the Plaintiffs is submitted under the caption "INJURY TO PLAINTIFFS."

## II. JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiffs' claim arises under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, various provisions of Title 8 U.S.C. § 1101 et seq. (2006), (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising hereunder. This Court may grant relief in this action, *inter alia*, under 28 U.S.C. § 1361 (2006) (Mandamus Act); 28 U.S.C. § 1651 (2006) (All Writs Act); 28 U.S.C. § 2201 (2006) (Declaratory Judgment Act); and under 5 U.S.C. § 551 et seq. (2006) (Administrative Procedure Act).

5. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudications, procedural policies and related practices, and not the granting or denial of the IP or AOS applications. Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2006) are not applicable.

## III. VENUE

6. Pursuant to 28 U.S.C. § 1391(e) (2006), venue is proper in this judicial district because the Defendants operate within this district and maintain headquarters in Washington, D.C., and because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

## IV. PARTIES

**Plaintiffs**

7. Plaintiff, Ms. Joseph is a citizen of United States of America by birth. She is married to Plaintiff, Mr. Mathew.

8. Plaintiff, Ms. Joseph's IP is pending as of the date of this Complaint before the National Benefit Center and Detroit District Office of USCIS since April 15, 2005.

9. The Plaintiff, Ms. Joseph appears before this honorable court in her own behalf as an individual.

10. Plaintiff, Mr. Mathew is a citizen of India. He is married to Plaintiff, Ms. Joseph, a United States citizen.

11. Plaintiff, Mr. Mathew's AOS application is pending as of the date of this Complaint before the National Benefit Center and Detroit District Office of the USCIS since April 15, 2005.

12. The Plaintiff, Mr. Mathew appears before this honorable court in his own behalf as an individual.

**Defendants**

13. Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Pursuant, *inter alia*, to 8 U.S.C. § 1103 (2006), Secretary Chertoff is charged with, among other matters, administering the USCIS and implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this Complaint.

14. Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C § 1103 (2006), he is charged with controlling determination of issues of law pertaining to immigration and with representing the United States of America in various legal matters.

15. Emilio Gonzalez is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

16. Robert M. Cowan is the Director of the National Benefit Center of USCIS. In his capacity as the Director of the National Benefit Center, Mr. Cowan is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over some of the matters alleged in this Complaint.

17. Sandy Heathman is the Acting District Director of the Detroit District Office of USCIS. In his capacity as the Acting District Director of the Detroit District

Office, Mr. Heathman is responsible for the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As such, he has decision-making authority over some of the matters alleged in this Complaint.

18. Robert Mueller is the Director of the Federal Bureau of Investigation (FBI). In his capacity as the Director of the FBI, Mr. Mueller is responsible for the administration of services including the processing of security and name checks as requested by USCIS. As such, he has decision-making authority over some of the matters alleged in this Complaint.

**V. FACTS**

19. Plaintiff Ms. Joseph filed an IP on behalf of Plaintiff, Mr. Mathew with USCIS on April 15, 2005, under the category comprising "immediate relatives"[1]. The IP is currently pending before the National Benefit Center and the Detroit District Office of the USCIS. As of the date of filing the instant Complaint, the IP filed by Ms. Joseph has been pending for almost two years.

20. Plaintiff Mr. Mathew appropriately filed an AOS application on April 15, 2005, on the basis of the IP filed with USCIS on his behalf.

21. The AOS application filed by Plaintiff, Mr. Mathew is currently pending before the National Benefit Center and the Detroit District Office of USCIS.

22. As of the date of filing the instant Complaint, Plaintiff, Mr. Mathew's AOS application has been pending for almost two years.

---

[1] 8 U.S.C. 1151(b)(2)(A)(i) (2006), 8 C.F.R. § 204.1 (2006)

23. Plaintiff, Mr. Mathew is entitled to immediate adjudication of his AOS application.

24. An immigrant visa was immediately available to the Plaintiff, Mr. Mathew at the time his AOS application was filed (i.e., on April 15, 2005).

25. Under 8 U.S.C. § 1571 (2006), Congress clearly expressed the opinion that a reasonable time for IP and AOS adjudications is approximately six months.

26. Pursuant to 8 U.S.C. § 1571 (2006), Defendants have exceeded the bounds of reasonableness in the time for adjudications.

27. During the pendency of the AOS applications, it is the Defendants' policy to require repeat Employment Authorization Documents as well as fingerprinting.

28. Since April 15, 2005, Plaintiff, Mr. Mathew applied for Employment Authorization two times. These Employment Authorization documents were and are valid from June 13, 2005 to June 12, 2006 and from June 13, 2006 to September 13, 2006.

29. Since USCIS has not decided on Plaintiff Mr. Mathew's EAD application filed by him on March 12, 2006 currently pending with USCIS, he is without any work authorization and has not been able to obtain employment after September 13, 2006.

30. In addition, since April 15, 2005, Plaintiff, Mr. Mathew has been required to apply for fingerprinting on three occasions, once for his AOS application on June 30, 2005 and twice in regards to his employment authorization documents on April 29, 2005 and May 18, 2006.

31. Plaintiff, Mr. Mathew has made numerous inquiries regarding the status of his case including one made on January 18, 2007, January 5, 2007, November 6, 2006, October 2, 2006, August 17, 2006 and July 13, 2006 to USCIS, but to no avail. Plaintiff, Mr. Mathew also made an inquiry with the Member of Congress Joseph K. Knollenberg in February 2006 and the Office of U.S. Senator Barack Obama in November 2006 who infact forwarded the request to Senator Carl Lewin.

## VI. RELEVANT LAW AND PROCEDURES

**Immediate Relatives**

32. Under the INA, immediate relatives are not subject to direct numerical limitations. 8 U.S.C. § 1151(b)(2)(A)(i) (2006).

33. The term "immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. Id.

**Timeliness Requirements and Consequences**

34. Section 202 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. § 1571 (2006), clearly lays down the parameters of reasonableness in immigration adjudications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed *not later than 180 days* after the initial filing of the application . . . ." 8 U.S.C. § 1571 (2006) (emphasis added).

35. Section 204 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C § 1573 (2006), mandates that the "Attorney General shall take such

measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002" (as amended). The Section also mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services.

36. The Immigration Services and Infrastructure Improvements Act of 2000 was enacted on October 17, 2000, more than six years ago. Despite the expressed objective in 8 U.S.C. § 1573 (2006), Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures.

37. Defendants are required by 5 U.S.C. § 555(b) (2006) to "conclude a matter" within "a reasonable time."

38. Lawful Permanent Residents (LPR) (also referred to as green card holders) enjoy many advantages over nonimmigrant status. As the name implies, LPR's have the privilege of residing and working permanently in the United States. 8 U.S.C. § 1101(a)(20) (2006). They may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2006). They may petition to immigrate close family members. 8 U.S.C. §§ 1151, 1153 (2006); 8 C.F.R. § 204 (2006).

39. LPR's may retain their LPR status for the rest of their lives or, after five years of LPR status, they may apply to naturalize, that is, to become a United States citizen. 8 U.S.C. § 1427(a) (2006). Citizenship conveys many benefits over LPR status. Citizens may vote. They may apply for and receive a United States

passport. They cannot be deported from the United States. They may travel freely into and out of the United States. They may petition for immigration of family members as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. § 1151(b)(2)(A)(i) (2006). They may hold many jobs that are restricted to United States citizens. They may run for public office.

40. LPR status is a prerequisite for naturalization. Thus, any delay in adjusting to LPR status also delays eventual naturalization.

**Employment Authorization**

41. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a (2006). AOS applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD"). 8 C.F.R. § 274a.12(c)(9) (2006).

42. Defendants limit the duration of AOS applicants' EAD to one year.

**Repeated Fingerprints**

43. Defendants require AOS applicants to be fingerprinted before their adjustment applications are granted. AOS applicants who are 14 years old or older must pay a fingerprint-processing fee and must appear at a USCIS Application Support Center (ASC) to be fingerprinted.

44. After 15 months, the Defendants consider the fingerprints to have expired. The Defendants have obligated the Plaintiff, Mr. Mathew to be fingerprinted again during the pendency of his AOS Application at additional expense and inconvenience, even though, of course, his fingerprints have not changed.

## VII. INJURY TO PLAINTIFFS

45. Because Plaintiff, Mr. Mathew has waited and will continue to wait significantly longer to become an LPR, he is unable to stabilize his life. His status in the United States of America has been and will continue to be uncertain. Plaintiff, Mr. Mathew has been and will continue to be apprehensive about accumulating assets in the United States because he fears that he may ultimately lose permanent residence status and be required to depart. He is unable to plan his future appropriately because he does not know when he will become a permanent resident.

46. Plaintiff, Mr. Mathew has suffered and will continue to suffer considerable setbacks in his career because of delayed adjudication. Plaintiff, Mr. Mathew being a physical therapist possessing over nine years of experience is subject to limited employment options during the pendency of his AOS application.

47. Furthermore, Plaintiff, Mr. Mathew is not currently employed. He was lastly employed with Woodward Hills Nursing Center, Bloomfield Hills, MI as a physical therapist. His last day of employment was September 13, 2006.

48. An application for employment authorization (EAD) filed by Plaintiff, Mr. Mathew is still pending with the Defendant USCIS since March 12, 2006.

49. Since USCIS did not grant any work authorization to Plaintiff, Mr. Mathew after September 13, 2006, he is without any employment since then.

50. In addition, Plaintiff, Ms. Joseph is currently pregnant. She is expecting a baby sometime in June 2007. In order to support her family, Plaintiff, Ms. Joseph besides being pregnant is currently employed full-time with New Center

Community Mental Health Services located at 2051 W. Grand Boulevard, Detroit, MI 48208 as a Clinical Therapist.

51. Plaintiff, Mr. Mathew has lost and will continue to lose significant work time while pursuing his adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for employment authorization each year and otherwise pursuing his delayed permanent residency.

52. Because of Defendants' policies and practices as described herein, Plaintiff, Mr. Mathew has had to wait and will continue to have to wait many years to adjust his status. Plaintiff, Mr. Mathew has had to and will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience. Since April 15, 2005 Plaintiff, Mr. Mathew has gone for fingerprinting on several occasions. On all these occasions, Plaintiff, Mr. Mathew had to take considerable time off from his work.

53. Because Defendants have unreasonably delayed Plaintiff, Mr. Mathew's AOS Application, Plaintiff, Mr. Mathew's naturalization has also been delayed. Career setbacks are but one of a long list of harms suffered by Plaintiff, Mr. Mathew. To list just a few, Plaintiff, Mr. Mathew has been and will continue to be unable to become eligible to vote and to participate fully in our democracy.

54. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff, Mr. Mathew has had to and will continue to have to obtain EAD's and to pay for repeated renewals of those EAD's, resulting in significant out-of-pocket expenses and inconvenience. Since April 15, 2005, Plaintiff, Mr. Mathew has applied for employment authorization two times. These employment authorization

documents have and will be valid from June 13, 2005 to June 12, 2006 and from June 13, 2006 to September 13, 2006.

55. Because Defendants have implemented arbitrary and illegal procedures, Plaintiff, Mr. Mathew has had to and will continue to have to submit to repeated fingerprinting, resulting in significant out-of-pocket expenses and inconvenience. If the Plaintiff, Mr. Mathew fails to appear for fingerprinting, there is a substantial risk that USCIS will consider his AOS application to have been abandoned.

56. Plaintiffs have reason to believe that some part of the delay may be attributable to investigations pending before the Federal Bureau of Investigation.

57. Plaintiffs' right to due process of law under the Fifth Amendment to the U.S. Constitution have been, is being and will continue to be violated by Defendants' policies and practices as described herein.

## VIII. GROUNDS FOR RELIEF

58. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiffs' applications within a reasonable time.

59. Defendant USCIS has a legal duty to process and adjudicate Plaintiffs' applications within a reasonable time. This duty is a non-discretionary duty mandated by federal law and judicial precedent.

60. In failing to process Plaintiffs' applications and adjudicate their case within a reasonable time, USCIS has directly and proximately caused unnecessary and injurious delays to Plaintiffs in violation of their rights.

61. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

62. Defendants' policies and procedures requiring repeated EAD applications and fingerprints are arbitrary and illegal.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1361**

63. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

64. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

65. Defendants bear sole responsibility for adjudication of IP and AOS Applications within a reasonable time and for orderly attendant procedures.

66. Defendants have failed to discharge their mandated duties.

67. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling his to declaratory, injunctive and other relief.

68. Plaintiffs have exhausted all possible administrative remedies.

69. There exists no other adequate remedy.

70. Strong humanitarian factors favor the grant of Mandamus relief.

**Count II.**
**Fifth Amendment**

71. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

72. Defendants' policies, practices and customs violate Plaintiffs' Fifth Amendment substantive and procedural due process rights protected by the U.S. Constitution.

73. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count III.**
**Violation of INA**
**8 U.S.C. § 1101 et seq.**

74. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

75. Defendants' policies, practices and customs violate the INA as well as the Immigration Services and Infrastructure Improvements Act of 2000 §§ 202, 204, 8 U.S.C §§ 1571, 1573 (2006).

76. Defendants have failed to discharge their mandated duties.

77. As a result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling his to declaratory, injunctive and other relief.

**Count IV.**
**Administrative Procedures Act**
**5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.**

78. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

79. By failing to render a timely decision and by requiring repeated applications, Defendants' practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary, capricious, and not in accordance with law. *See* 5 U.S.C. §§ 555, 701 et seq. (2006); *See also* 5 U.S.C. § 706(1) (2006) ("[A]gency action unlawfully withheld or unreasonably delayed").

80. Defendants have failed to discharge their mandated official duties.

81. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling his to declaratory, injunctive and other relief.

**Count V.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201**

82. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

83. Defendants' actions and decisions relating to delays in IP and AOS adjudication and attendant procedures are unconstitutional, violate the INA and are arbitrary and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. § 2201 (2006).

84. Defendants have failed to discharge their mandated duties.

85. As a direct and proximate result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count VI.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. §2412**

86. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

87. If they prevail, Plaintiffs will seek attorney fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 (2006) and 28 U.S.C. §2412 (2006).

**IX. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the honorable court grant the following relief:

i. Assume jurisdiction over this cause;

ii. Declare that Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion;

iv. Enter Judgment directing Defendants to adjudicate Plaintiff Ms. Joseph's pending Immigrant Petition (Form I-130);

v. Enter Judgment directing Defendants to adjudicate Plaintiff Mr. Mathew's pending Family-Based Adjustment of Status Application (Form I-485);

vi. Enter Judgment directing Defendants to adjudicate Plaintiff Mr. Mathew's pending Application for Employment Authorization (Form I-765);

vii. Award Plaintiffs attorney fees, costs and expenses under the Equal Access to Justice Act; and

viii. Grant such other and further relief, as this honorable court deems just and appropriate.

Dated: 23 February 2007

Respectfully submitted,

RAJIV S. KHANNA
Attorney for Plaintiffs
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
E-mail: rskhanna@immigration.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jesny Ann Joseph, et. al.

## DEFENDANTS
Michael Chertoff, Secretary, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rajiv S. Khanna
Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Blvd., Arlington, VA 22205
Tel: (703) 908-4800 Ext. 110

CASE NUMBER   1:07CV00393
JUDGE: Paul L. Friedman
DECK TYPE: General Civil
DATE STAMP: 02/23/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Writ for Mandamus, Declaratory and Injunctive Relief filed under Mandamus Act, Declaratory Judgment Act and Administrative Procedure Act.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 02/23/2007   SIGNATURE OF ATTORNEY OF RECORD _____

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.